IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SHELTER MUTUAL INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**CAROLINE S. YORK, GARY YORK, RAYMOND C. BENSE, and ROSE ANNE BENSE,**

**Defendants.**  No. 10-1004-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court are two motions to dismiss for lack of jurisdiction (Docs. 5 & 11). Defendants move the Court to dismiss this case for lack of subject matter jurisdiction as the amount in controversy has not been met. Plaintiff opposes the motions (Docs. 9 & 20). Based on the following, the Court grants the motions to dismiss for lack of jurisdiction.

On December 14, 2010, plaintiff Shelter Mutual Insurance Company ("Shelter") filed a complaint for declaratory judgment based on diversity jurisdiction, 28 U.S.C. § 1332 against defendants Caroline York, Gary York, Raymond C. Bense and Rose Anne Bense (Doc. 2). Shelter is an insurance company that issued a homeowner's policy and a personal umbrella liability policy to the Yorks. Shelter

seeks a declaration that it does not owe a duty to defend or indemnify the Yorks in an underlying lawsuit filed by the Benses against the Yorks in the St. Clair County, Illinois Circuit Court. *See Bense v. Yorks*, 10-AR-1440. In the underlying suit, the Benses sued the Yorks alleging one count of trespass arising out of the Yorks' alleged failure to prevent mud from construction activities on the Yorks' land from flowing onto the Benses' property and pond. As a result of the flow of the mud into the pond, the pond has become silted in, and a large number of fish have died. The Benses' complaint seeks $30,000 in compensatory damages, $10,000 in punitive damages and costs of suit (Doc. 2-6, p. 3). Further, the Benses' complaint contains an affidavit from their attorney certifying that the money damages sought do not exceed $50,000.00. (Doc. 2-6, p. 4).

## II. Motion to Dismiss for Lack of Jurisdiction

The standard applicable to a motion to dismiss under Fed.R.Civ.P. 12(b)(1) is similar to that for a Rule 12(b)(6) motion. The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. *Sprint Spectrum L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1001 (7th Cir. 2004).

Defendants argue that the underlying claim, to a legal certainty, does not have a value in excess of $75,000. Specifically, defendants argue that the compensatory damages are only $30,000.00 and that by operation of Illinois

Supreme Court Rule 86, recovery in an AR case is limited $50,000.00. Further, defendants argue that pursuant to Illinois Supreme Court Rule 92(b), Benses' affidavit attached to the complaint stating that the damages do not exceed $50,000.00) prevents any judgment in excess of $50,000.00 in the underlying suit. Shelter contends that the amount in controversy has been met in this case because this is a declaratory action brought by an insurer and in such cases the amount in controversy is the maximum amount of its potential liability under the insurance contract. Thus, Shelter contends that the amount in controversy is $500,000.00 – the liability limits of the policy that it issued to the Yorks.[1] Based on facts of this case, the Court agrees with defendants.

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir.1997) (citations omitted).

As the parties do not contest that the parties are diverse, the only real issue before the Court is whether the amount in controversy is sufficient. The

---

[1] Shelter cites to *Shelter Mutual Ins. Co. v. Mandrell and Williams*, 01-0022-DRH (S.D. Ill. July 23, 2001); *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997); and *Hartford Accident & Indemnity Co. v. Northest Nat'l Bank Chicago*, 228 F.2d 391, 402 (7th Cir. 1955) for the proposition that the amount in controversy is the maximum amount of its liability under the policy. A reading of these cases clearly shows that proposition is not the rule and that these cases are distinguishable by the facts of the cases.

amount in controversy is the amount required to satisfy the plaintiff's demands in full on the date the suit begins. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-511 (7th Cir. 2006). If little information is provided as to the value of a plaintiff's claims from the onset, a court can find, at times, that a defendant's good faith estimate of the stakes is acceptable if it is plausible and supported by the preponderance of the evidence." *Id.*

In diversity jurisdiction suits seeking declaratory judgment or an injunction, the amount in controversy is the value of the "object of the litigation." *America's Moneyline, Inc. v. Coleman,* 360 F.3d 782, 786 (7th Cir.2004). In other words, the amount in controversy is the amount at stake to either party of the suit. *In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 609-610 (7th Cir.1997). The object of the litigation is valued either as "what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." *See Macken v. Jensen,* 333 F.3d 797, 799-800 (7th Cir. 2003).

It is unlikely given the allegations in the declaratory judgment and the underlying complaint that the amount in controversy even exceeds $50,000.00 let alone the $75,000 threshold. As stated previously, the underlying lawsuit seeks compensatory damages of $30,000.00, punitive damages of $10,000.00 and costs of suits. Additionally, the Benses signed an affidavit certifying that the underlying claim does not exceed $50,000.00. Moreover, it is not plausible that the attorneys fees in the underlying case would exceed $35,000.00. At the time this litigation was filed, it was clear that the amount in controversy did come close to or exceed the

$75,000.00 threshold for diversity jurisdiction. Thus, the Court finds that plaintiff's complaint does not allege an amount in controversy about the 75,000.00 threshold. Therefore, the Court lacks jurisdiction over Shelter's declaratory judgment.

### III. Conclusion

Accordingly, the Court **GRANTS** defendants' motions to dismiss for lack of subject matter jurisdiction (Docs. 5 & 11). The Court **DISMISSES without prejudice** Shelter's complaint.

**IT IS SO ORDERED.**

Signed this 12th day of May, 2011.

Digitally signed by David R. Herndon
Date: 2011.05.12 14:16:37 -05'00'

**Chief Judge**
**United States District Court**